DowNey, Judge,
delivered the opinion of the court:
A protection pier maintained by the plaintiff in connection with its bridge over the Mississippi River between Keokuk, Iowa, and Hamilton, Ill., was destroyed or damaged by the United States in the prosecution of work in the improvement of navigation in that river under the circumstances shown in the findings, not necessary to repeat here in detail.
The plaintiff contends that the pier was “ taken ” by the United States, and seeks compensation under the fifth amendment to the Constitution, fixing the amount thereof at the costs of the construction of a new pier in connection with the reconstruction of its bridge some two or three years after the alleged taking. The taking relied upon was not by an appropriation to its own use but by an alleged destruction.
Whether the pier was destroyed or simply damaged to a limited extent is for determination from the record, and the facts as found do not sustain the plaintiff’s contention Avith reference thereto. There was not a complete destruction. There was a damage or, in other words, a partial destruction, but which the plaintiff contends was of such extent as to require rebuilding, and therefore constituted a taking'of the structure.
If there was merely damage, such as might be recovered from a private corporation in an action in tort, there can, of course, be no recovery here. The proposition is advanced that if there Avas a tort the tort can be waived and action maintained upon the implied assumpsit, and an authority is cited in support of the proposition, but we do not regard it as seriously contended for or deem it worthy of discussion. See Bigby v. United States, 188 U. S. 400. The theory rather is that the United States was in the exercise of a sovereign right in the improvement of navigation and that it did its work in the usual and ordinary way and with more than ordinary care, as we have been requested to and have found.
Assuming for the purposes of the question that the contention of the plaintiff as to the facts is correct and that, under *484 the circumstances stated, there was so far a complete destruction of the protection pier as to necessitate its rebuilding, can it be held that there was a taking under the fifth amendment and a resultant right to just compensation?
In other cases we have had occasion to review somewhat in detail the authorities on the question and draw some conclusions as to the necessary elements of a taking under the Constitution. County Court of Marion County, West Virginia, 53 C. Cls. 120; Sanguinetti et als. ante, p. 107. In the latter case we deducted the conclusion that—
“ We may readily assume it to be settled that the basis of such an action in this court is the implied contract arising out of the appropriation of private property by the United States and the constitutional provision that it shall not be taken without just compensation.”
We referred to the significance of the habitual use by the Supreme Court, in the decided cases, of the word “appropriate” discussed the elements of an implied contract, and suggested in connection therewith the fact, as it appeared to us, that there was necessarily involved an intention to take either express or of necessary implication. Further supporting that theory we referred to a recent case (Temple v. United States, 248 U. S. 121), wherein it was held that the law could not imply a promise on the part of the United States to pay for a right of way over or interest in land which it claimed to possess as its own. We drew the conclusion that this case established the proposition that even though there had been an actual invasion of plaintiff’s property there could be no recovery under the Constitution if the Government claimed to own the property, because such a claim necessarily precluded the idea that there could have been any intention to take the property of another. The case was referred to because of the principle involved and not because of any analogy in facts.
Without further repeating what we have heretofore held on the question, ascertainable in detail by reference, we suggest that this case seems clearly to be an attempt to convert an action for damages, such as may not be maintained against the United States, into an action for a taking under the Constitution, inspired probably because, unfortunately for the *485 plaintiff, there can be no recovery in any other way. Assuming the facts to justify the conclusion that there was damage inflicted on the plaintiff, it may be natural, in furtherance of our sense of justice, to incline by construction to make that actionable which in fact is not so, but such a course seems to us unjustified. It is first of all with us a matter of jurisdiction. If what happened resulted in a damage in the nature of a tort, such as against an individual or a private corporation would necessarily have resulted in an action in tort, and did not, in fact, embody the elements of a taking under the Constitution, we have no jurisdiction, and we are mindful of the well-established rules, referred to in the Sanguinetti cases, that courts must take notice of the limits of their authority, may not by construction broaden their jurisdiction, and that “ judicial duty is not less fitly performed by declining ungranted jurisdiction than in exercising firmly that which the Constitution and the laws confer.”
Applying the principles announced in the cases referred to, supported, we believe, by the higher authorities therein reviewed, we conclude that, even if all the facts were as contended for by the plaintiff, there was no taking under the Constitution and, therefore, can be no recovery.
GRAham, Judge; Hay, Judge; Booth, Judge; and Campbell, Chief Justice, concur.